IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA

Broward Division

**SCOTT THOMAS,**

    **Plaintiff,**

v.                                                            CASE NO.: *pending*

                                                                JURY TRIAL DEMANDED

**BROWARD COUNTY SHERRIFF'S
OFFICE,**

    **Defendant.**

_____/

## COMPLAINT

**COME NOW,** Plaintiff Scott Thomas, by and through the undersigned counsel, and hereby files this Complaint against Defendant Broward County Sheriff's Office (Defendant BSO, hereinafter) for violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. §§ 4301-4335.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 38 U. S. C. § 4323(b).

2. The United States District Court for the Southern District of Florida is a proper venue for this action under 38 U.S.C. §4323(c)(2) because Plaintiff Thomas currently, and at all material times relevant to this Complaint, resides in Palm Beach County, Florida and Defendant maintains it's principal place of business in Broward County.

3. Plaintiff Scott Thomas is a former employee of Defendant.

4. Defendant is an employer as defined under USERRA 38 U.S.C. § 4303(4)(A), because it employed, managed, and controlled Plaintiff's daily activities and had authority over his employment opportunities while he was employed by the Defendant.

5. Plaintiff is a United States military veteran who served his country as a Helicopter Pilot in the United States Army from May 2004 until his honorable release in December of 2011.

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 38 U.S.C. § 4323(b)(3).

## FACTS GIVING RISE TO RELIEF

7. Plaintiff was initially hired by BSO as an Air Rescue Helicopter Pilot on November 8, 2018.

8. In early November 2018, Plaintiff was assigned to work under Interim Director of Operations, Danielle Fuller.

9. In early December 2018, Ms. Fuller expressed her anti-military bias by stating that military pilots were being brought into BSO to serve in the air rescue division instead of civilian pilots with part 135 experience.

10. On December 26, 2018, Ms. Fuller again expressed her displeasure with being in the industry for fifteen years and having the same position as military pilots with little or no civilian or part 135 experience.  She continued to express her disgust stating that she could not go into the military and be given the same position as someone who had fifteen years of military flight experience.  She concluded that she knew plenty of people in the industry that were better qualified for the position because they were

civilian trained pilots with part 135 experience and would be happy to live in south Florida.

11. On January 16, 2019, Ms. Fuller again voiced her repugnance for military pilots, claiming they were not qualified for service in her unit. Plaintiff protested and complained about her disparaging comments about military personnel and Ms. Fuller immediately changed the subject.

12. On January 17, 2019 during a closed-door meeting with Chief Smith and Pilot Brian McDonald, Plaintiff complained about Ms. Fuller's discrimination on the basis of his military service. In response, Chief Smith indicated that he would ask Chief Nugent to have a one-on-one conversation with all Pilots within the unit to individually address their concerns.

13. On January 18, 2019 Chief Nugent arrived at BSOFR No. 17 at 3:30 pm. Instead of Chief Nugent conducting individual meetings with each pilot, she chose to have a discussion in a group setting to allow the pilots to air any grievances they had concerning Ms. Fuller.

14. On January 28, 2019, eleven days after his complaint of discrimination to Chief Smith, Plaintiff was called into a meeting with Chief Nugent, Deputy Jesse Madrigal and Interim Director Fuller. At the start of the meeting Plaintiff was informed by Chief Nugent that he was being terminated for discrepancies in his flight log book. Plaintiff protested and stated that any discrepancies could easily be explained.

15. Plaintiff was not given any opportunity to address the perceived inaccurate discrepancies. Plaintiff explained to both the Chief and Interim Director that the log book which documented the explanation for any discrepancies was being housed

in a storage unit in Fredericksburg Virginia and that he could easily provide them with the documentation given a reasonable opportunity to obtain the log book.

16. Instead of affording Plaintiff an opportunity to prove that any discrepancies in his log book tendered to Ms. Fuller were mere oversights that were not critical in any way, Ms. Fuller used two insignificant scrivener's errors to justify Plaintiff's termination.

17. Thereafter, Chief Nugent gave Plaintiff two documents; a termination letter and a resignation letter. Plaintiff was told that he would be better off resigning by Chief Nugent and was ordered to sign the resignation letter dated for February 1, 2019 by Chief Nugent.  Shocked by the decision to fire Plaintiff because of his complaints of discrimination on the basis of his military service, Plaintiff requested he be allowed to discuss the matter with an attorney.  Chief Nugent informed Plaintiff he would be fired if he did so and he would not be able to obtain any work for any other state or local government entity. Faced with no other option, Plaintiff did as Chief Nugent ordered and signed the separation form indicating he was resigning.

18. On January 31, 2019 prior to his resignation taking effect, Plaintiff filed a complaint detailing the Discrimination under USERRA with the city attorney and the Broward County Sheriff.

19. Due to the close temporal proximity between the termination of Plaintiff and his complaint of unlawful discrimination eleven days prior to his termination, Plaintiff believes he was unlawfully terminated in violation of USERRA.

20. Plaintiff further believes the reasons given by Defendant for his termination is not legitimate and is not the real reason for his termination.

21. Plaintiff submits that the reason proffered by Defendant for his termination was unfounded and manufactured by Defendant, and that the real reason for Plaintiff's termination was due to his military status and service.

22. Plaintiff also submits that Defendant did not follow its own policies and procedures in disciplining Plaintiff by terminating his employment.

23. Plaintiff submits that other non-military employees of Defendant who engaged in the same or similar conduct were not disciplined or were not terminated.

24. Plaintiff submits that other non-military employees who have been terminated by Defendant were given an opportunity to correct minor errors in their log books prior to being terminated.

25. Plaintiff has suffered and continues to suffer damages as a result of the unlawful discrimination and retaliation he was subjected to by Defendant BSO.

26. Plaintiffs has retained the undersigned law firm to prosecute this action and have agreed to pay said law firm a reasonable fee for its services.

27. All conditions precedent to filing this action have been satisfied or waived.

## COUNT I
**(Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. §§ 4301 *et seq.*; Discrimination and Reprisal pursuant to 38 U.S.C. § 4311)**

28. Plaintiff Thomas hereby realleges and incorporates Paragraphs 1-27 as if set forth in full herein.

29. Defendant, by and through its agents and employees, intentionally discriminated and retaliated against Plaintiff Thomas on account of his status in the uniformed services in violation of 38 U.S.C. § 4311 by terminating Plaintiff Thomas' employment.

30. At all times relevant herein, Plaintiff Thomas was an employee of Defendant.

31. At all times relevant herein, Plaintiff Thomas was a member of, performed services for, or had obligations to perform services in, the uniformed services as defined by USERRA.

32. In violation of USERRA, Defendant, by and through its agents and employees, denied Plaintiff Thomas' retention of employment because of Plaintiff Thomas' membership in, performing services for, or having obligations to perform services for, the uniformed services as defined by USERRA.

33. Defendant, by and through its agents and employees, unlawfully discriminated and retaliated against Plaintiff Thomas by taking adverse employment actions and terminating Plaintiff Thomas' employment because Plaintiff Thomas took action to enforce a protection afforded persons pursuant to USERRA, or because he exercised rights provided for by USERRA.

34. Defendant engaged in actions prohibited by USERRA because Plaintiff Thomas' membership, service, or obligation for service in the uniformed services as defined pursuant to USERRA, was a motivating factor in Defendant's termination of Plaintiff Thomas' employment.

35. Defendant would not have taken the same adverse employment action against Plaintiff Thomas in the absence of such membership, service, or obligation for service in the uniformed services as defined pursuant to USERRA.

36. The acts and omissions committed by Defendant, by and through its agents and employees in violating Plaintiff Thomas' rights under USERRA, were willful.

37. As a direct and proximate result of the actions and omissions committed by

Defendant, by and through its agents and employees, Plaintiff Thomas has suffered and will continue to suffer lost wages, benefits and entitlements.

38.  WHEREFORE, Plaintiff Thomas demands judgment against Defendant for damages including but not limited to, lost back pay, lost benefits, lost front pay, and other lost economic damages; an amount equal to lost wages and benefits as liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C); equitable relief in the form of reinstatement and the use of the Court's full equity powers to vindicate fully Plaintiff Thomas' rights or benefits pursuant to 38 U.S.C. § 4323(e); reasonable attorney's fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. § 4323(h)(2); pre-judgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury with respect to all issues, counts, claims, controversies and damages so triable.

Dated this 28th day of May, 2019.

> Respectfully submitted,
> OBeidy and Associates, P.A.
>
> s/ A. Andrew OBeidy
> A. Andrew OBeidy
> Florida Bar No. 910341
> 2755 East Oakland Park Blvd, Suite 225
> Fort Lauderdale, Florida 33306
> (305) 892-5454
> andrew@obdlegal.com
>
> *Trial Counsel for Plaintiff*